UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MARGARET JOHNSON, surviving :
spouse of Christopher R. Johnson, :
:
Plaintiff, :
: CIVIL ACTION NO. 5:06-CV-057 (CAR)
v. :
:
JOHNNY EARL RAMMAGE, :
:
Defendant. :

## ORDER FOR DEFAULT JUDGMENT

In the present case, Plaintiff filed a Complaint [Doc. 1] against Defendant Johnny Earl Rammage seeking damages for the wrongful death and pain and suffering of her deceased husband. Defendant was served with the summons and Complaint but never filed a responsive pleading. Accordingly, Plaintiff filed a motion for entry of default which was entered by the clerk on April 10, 2006. On April 4, 2007, Plaintiff filed the current Motion for Default Judgment [Doc. 7]. An evidentiary hearing on Plaintiff's motion for default judgment and damages was held before this Court on June 28, 2007. Having fully considered Plaintiff's motion and the evidence before the Court, the Court **GRANTS** Plaintiff's motion [Doc. 7]. Accordingly, default judgment should be entered in favor of **PLAINTIFF** and against Defendant, and appropriate relief is due to be awarded as discussed herein. See Fed. R. Civ. P. 55(b).

### DEFAULT JUDGMENT STANDARD

Prior to obtaining a default judgment, the party seeking judgment must first seek an entry of default. See Fed. R. Civ. P. 55(a). Plaintiff has satisfied this requirement: The clerk's entry

of default as to Defendant was entered on April 10, 2006. After entry of default, a plaintiff is required to seek default judgment from the Court. Fed. R. Civ. P. 55(b)(2) ("[T]he party entitled to a judgment by default shall apply to the court therefor.").

The mere entry of default by the clerk does not in itself warrant the entry of default judgment by the Court. See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Rather, the Court, in its discretion, must find that there is a "sufficient basis in the pleadings for the judgment to be entered"; the defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. Id. The clerk's entry of default causes all well-pleaded allegations of facts to be deemed admitted. See Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). The Court must accept these facts as true and determine whether they state a claim upon which relief may be granted. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370, n.41 (11th Cir. 1987) (citing Nishimatsu, 515 F.2d at 1206). The Court must consider whether the unchallenged facts constitute a legitimate cause of action, since the party in default does not admit a mere conclusion of law. In considering any default judgment, the Court must consider (1) jurisdiction, (2) liability, and (3) damages. See Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353 (S.D. Ga. 2004). This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The remaining considerations, liability and damages, are discussed below.

**FACTS**

On February 17, 2006, Plaintiff filed this action seeking compensation for her deceased husband's wrongful death and pain and suffering, alleging Defendant intentionally caused the death of her husband. Plaintiff seeks $2,000,000.00 in compensatory damages and also seeks

punitive damages. During the evidentiary hearing, the testimony revealed that on or about August 18, 2005, Defendant shot Plaintiff's husband after her husband made an obscene gesture at Defendant while passing his slow-moving vehicle. The decedent suffered for hours and died as a result of the gunshot wound he received from Defendant. Thereafter, Defendant was charged with, and later convicted of, murder. He is currently serving a life sentence in Smith State Prison for the murder of Plaintiff's husband.

After filing this action, Plaintiff timely served Defendant with notice of this suit; however, Defendant failed to file an answer. As such, the Clerk of Court entered default, and Plaintiff now moves for default judgment against Defendant. As of the date of this Order, Defendant has made no appearance in this action and has thus filed no response to either the entry of default or to the present motion for entry of default judgment.

## DISCUSSION

Upon consideration of Plaintiff's allegations in this case, the Court finds a sufficient basis in the Complaint for judgment to be entered in Plaintiff's favor. In her Complaint, Plaintiff plainly alleges that Defendant intentionally caused the pain and suffering and death of her husband, and thus she, as the surviving spouse, is entitled to recover. Plaintiff's well-pleaded allegations state claims for wrongful death and pain and suffering under Georgia law. Of course, by his default in this case, Defendant has admitted these allegations as true. See Buchanan, 820 F.2d at 361. Thus, Plaintiff is entitled to entry of default judgment.

Having concluded that Plaintiff is entitled to entry of default judgment, the Court now turns to the relief requested. The evidence revealed that the deceased suffered for hours before he died, that he was 27 years old at the time of his death, and that the couple had planned to start

family. Thus, the Court finds an award of compensatory damages in the amount of $2,000,000.00 appropriate.

Although punitive damages–even for willful and wanton acts–are prohibited in a Georgia wrongful death action (because the compensatory damages are already in the nature of a civil penalty) see, e.g., Engle v. Finch, 165 Ga. 131, 139 S.E. 898 (1927), punitive damages may be awarded in connection with the decedent's injuries and pain and suffering. In this case, the evidence sufficiently established Defendant's wilful misconduct, malice, and wantonness to constitute an award of punitive damages in the amount of $1,000,000.00 for the decedent's pain and suffering. See O.C.G.A. § 51-12-5.1 ("Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.").

## CONCLUSION

For the foregoing reasons, the Court **HEREBY ORDERS** the Clerk of Court to enter final default judgment in favor of Plaintiff. The judgment shall provide that Plaintiff recovers $2,000,000.00 in compensatory damages and $1,000,000.00 in punitive damages.

**SO ORDERED** this 7th day of August, 2007.


                                            S/ C. Ashley Royal
                                            C. ASHLEY ROYAL
                                            United States District Judge

SSH/aeg